UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHARLES DAVID EARWOOD                                                    PETITIONER

V.                        NO. 3:18-CV-00157-BSM-JTR

MIKE ALLEN, Sheriff,
Crittenden County Detention Center                                       RESPONDENT

## ORDER

Petitioner Charles David Earwood, who is currently incarcerated at the Crittenden County Detention Center, has filed a *pro se* Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition was not accompanied by the filing fee or a request to proceed *in forma pauperis*.[1]

IT IS THEREFORE ORDERED THAT:

1. The Clerk of the Court is directed to send Earwood an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240).

---

[1] *See* Rule 3(a), Rules Governing § 2254 Cases in United States District Courts (applicable to § 2241 petitions under Rule 1(b) and providing that a habeas petition "must be accompanied" by the applicable filing fee or "a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").

2. If Earwood wishes to continue with this action, he must, on or **before September 24, 2018**, either: (a) file the completed Application, including the Certificate of Prisoner Accounts;[2] **or** (b) pay the $5.00 filing fee, in full.[3]

3. The Court advises Earwood that, if he fails to timely and properly comply with this Order, this habeas action will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[4]

4. Service of the Petition is not appropriate at this time.

DATED THIS 24th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The Certificate must be signed by an authorized officer at the incarcerating facility.

[3] Earwood's payment must clearly indicate that it is for payment of the filing fee in this action, *Crockett v. Kelley*, No. 5:18-CV-00210-JM/JTR.

[4] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (emphasis added.) *See also* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).